UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Mark Cardenas | 99-1421 JRT/FLN |
| Pamela Muldoon | 99-1422 JRT/FLN |
| Terry Struzyk | 99-1736 JRT/FLN |

Plaintiffs,

v.                                         **ORDER**

Prudential Ins. Co.,

Defendant.

---

Theresa Freeman, Esq., & Frederick Neff, Esq., for Plaintiffs.
Eric Roth, Esq., Charles Lentz, Esq., & Lloyd Chin, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned Magistrate Judge on March 11, 2002, on Plaintiffs' Motions to Amend the Complaint to Assert Claim for Punitive Damages [## 112, 94 & 64] respectively.

## I. INTRODUCTION

Mark Cardenas ("Mr. Cardenas"), Pamela Muldoon ("Ms. Muldoon") and Terry Struzyk ("Mr. Struzyk"), employees of Prudential Ins. Co. ("Prudential"), brought these actions alleging that Prudential, via its managerial employees, violated their rights under state and federal employment laws. These three Plaintiffs now seek leave of this Court to amend their respective complaints to assert punitive damages.

MAR 2 8 2002
FILED_____
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

## II. DISCUSSION

A.  **Plaintiffs' Motions to Amend the Complaint to Assert Punitive Damages Arising Under Federal Laws**

Whether to grant or deny a motion for leave to amend is a decision within the sound discretion of the district court. See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). The Federal Rules of Civil Procedure liberally permit amendments to pleadings. See Fed. R. Civ. P. 15(a). In cases such as this, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). Indeed, in the absence of any apparent reason, "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182 (1962). Factors that militate against granting leave to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." Foman, 371 U.S. at 182; Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987); Dennis v. Dillard Dep't Stores, Inc., 207 F.3d 523, 525 (8th Cir. 2000). However, delay alone is insufficient to deny a motion for leave to amend. See Buder v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 644 F.2d 690, 694 (8th Cir. 1981). Rather, the party opposing the motion must show that it will be unfairly prejudiced. See Mercantile Trust Co. v. Inland Marine Prods. Corp., 542 F.2d 1010, 1012 (8th Cir. 1976).

With respect to Plaintiffs' federal claims, there is no requirement that they make any evidentiary showing in order to assert a claim for punitive damages. See Gamma-10 Plastics, Inc., v. American President Lines, Ltd., 32 F.3d 1244 (8th Cir. 1994) (holding that disposition of motion to amend complaint to state punitive damages claim under federal law was controlled by federal rule

2

governing amendment of pleadings); Ulrich v. City of Crosby, 848 F. Supp. 861, 877 (D. Minn. 1994); Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534-36 (1999). As it pertains to their federal claims, Plaintiffs' motions are governed by Fed. R. Civ. P. 15(a). Based upon the files, records, and proceedings herein, this Court concludes that leave to file amended complaints to assert claims for punitive damages will be granted as it pertains to each of Plaintiffs' federal claims.

B.  **Plaintiffs' Motions to Amend the Complaint to Assert Punitive Damages Arising Under Minnesota Law**

In the Federal Courts of this District, the pleading of a punitive damage claim, under causes of action premised upon the laws of the state of Minnesota, must generally conform to the requisites of Minn. Stat. §§ 549.191 and 549.20. See Gamma-10 Plastics, Inc. v. American President Lines, Ltd., 32 F.3d 1244, 1256 (8th Cir. 1994); Olson v. Snap Prod., Inc., 29 F. Supp.2d 1027, 1034 (D. Minn. 1998). Under Minn. Stat. § 549.191, plaintiffs seeking to assert a punitive damage claim must first obtain the leave of the Court to do so, based upon a prima facie showing of entitlement. See Olson, 29 F. Supp.2d at 1034. "The plaintiff is not required to demonstrate an entitlement to punitive damages per se, but only an entitlement to allege such damages." Hammond v. Northland Counseling Center, Inc., No. CIV.5-96-353, 1998 WL 315333 at *7 (D. Minn. Feb. 27, 1998).

If the Court finds "prima facie evidence in support of the motion, the [C]ourt shall grant the moving party permission to amend the pleadings to claim punitive damages." Minn. Stat. § 549.191. Prima facie evidence is that evidence which, if unrebutted, would support a judgment in that party's favor. See Olson, 29 F. Supp.2d at 1034 (citations omitted). Under the strictures of Minn. Stat. § 549.191, the Court reviews the evidence in support of a Motion to Amend as the Court would

review a Motion for Entry of Judgment as a Matter of Law. Id.; see also Fed. R. Civ. P. 50(a). "Thus, in reaching such a determination, the Court makes no credibility rulings, nor does the Court consider any challenge, by cross-examination or otherwise, to the Plaintiff's proof." Olson, 29 F. Supp.2d at 1034 (citations omitted).

In evaluating the existence of a prima facie showing for the assertion of a claim for punitive damages, the Court must recognize that punitive damages are intended to punish a defendant, or to make an example of a defendant's wrongdoing, and not to compensate the plaintiff who has already been compensated. Id. at 1035. As a consequence, punitive damages may only be awarded when a defendant's conduct reaches a threshold level of culpability. Id. Accordingly, "[a] mere showing of negligence is not sufficient; instead, the conduct must be done with malicious, willful, or reckless disregard for the rights of others." Olson, 29 F. Supp.2d at 1035 (citations omitted).

Minn. Stat. § 549.20 (1)(a) provides that "[p]unitive damages shall be allowed in civil actions only upon clear and convincing evidence that the acts of the defendant show deliberate disregard for the rights or safety of others." The term "deliberate disregard" is comprehensively defined in the statute, as follows:

> (b) A defendant has acted with deliberate disregard for the rights or safety of others if the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the rights or safety of others and:
>
>> (1) deliberately proceeds to act in conscious or intentional disregard of the high degree of probability of injury to the rights or safety of others; or
>> (2) deliberately proceeds to act with indifference to the high probability of injury to the rights or safety of others.

Minn. Stat. § 549.20 (1)(b). "Where the evidence is sufficient to permit the jury to conclude that it is 'highly probable' that the defendant acted with deliberate disregard to the rights or safety of others,

the 'clear and convincing' standard is satisfied." Olson, 29 F. Supp.2d at 1035-36. Ultimately, when presented with a motion for leave to assert a punitive damage claim, the Court must do more than "rubber stamp" the allegations in the motion papers. Id. at 1036 (citations omitted). The Court must independently ascertain whether there exists prima facie evidence that the defendant acted with a deliberate disregard of the rights or safety of others. In considering the Motion to Amend, the facts are recounted from a fair reading of Plaintiffs' version of the evidence.

1. **Mr. Cardenas' Motion**

Mr. Cardenas' offer of proof reveals that: (1) he was forced to endure regular physical threats to his person because of his race, derogatory racial epithets and derogatory racial jokes from colleagues and supervisors at Prudential; (2) despite repeated complaints to supervisors and personnel staff, Prudential did nothing to ameliorate the situation; and (3) these circumstances caused him to become more apprehensive, anxious, and fearful. This record, which constitutes the Plaintiff's prima facie case, amply supports a reasonable jury's conclusion that Prudential's conduct, via its managerial employees, was sufficiently abusive to manifest the requisite malice or reckless disregard of Mr. Cardenas' right to be free from a racially hostile work environment and intentional infliction of emotional distress.

However, Mr. Cardenas' prima facie case does not allege any facts that would lead a reasonable jury to conclude that Prudential failed to promote him in deliberate disregard of his right to be free from retaliation. Specifically, he does not allege that there was a particular position that he sought and was denied because of any retaliatory animus, whether he was qualified for that position or any other promotions received by colleagues, the proffered reasons for those promotions or any reason to believe that the real reason he was not selected for a promotion was retaliation.

5

Moreover, Mr. Cardenas' general and conclusory allegations of retaliation and increased responsibilities do not rise to the level of the requisite deliberate disregard for his rights. See Dotson v. Delta Consol. Ind., Inc., 251 F.3d 780, 781 (8th Cir. 2001); Rose-Matson v. NME Hospitals, Inc., 133 F.3d 1104, 1110 (8th Cir. 1998).

Mr. Cardenas' prima facie evidence demonstrates that he is entitled to plead a claim for punitive damages arising out of his racially hostile work environment and intentional infliction of emotional distress claims under Minnesota law against Prudential, leaving to the jury the propriety for such an award under the facts of this case. Accordingly, his motion to amend the complaint to assert punitive damages arising out of his racially hostile work environment and intentional infliction of emotional distress claims under Minnesota law will be granted and denied insofar as it pertains to his whistleblower and retaliation claims arising under Minnesota law.

2.   **Ms. Muldoon's Motion**

Similarly, Ms. Muldoon's offer of proof reveals that: (1) she was forced to endure graphic sexual conversations and comments despite repeated complaints to her co-workers and supervisors; (2) she was subjected to regular unwanted physical advances, including lifting her skirt, grabbing and touching her, from her colleagues and supervisors, (3) despite repeated complaints to supervisors and personnel staff, Prudential did nothing to ameliorate the situation; and (4) these circumstances caused her to become more apprehensive, anxious, fearful and suffer physical injury as a result of stress. See Ogden v. Wax Works, Inc., 214 F.3d 999 (8th Cir. 1999); Blackmon v. Pinkerton Sec. & Investigative Servs., 182 F.3d 629 (8th Cir. 1999). This record, which constitutes the Plaintiff's prima facie case, amply supports a reasonable jury's conclusion that Prudential, via its managerial employees, deliberately, maliciously and recklessly disregarded Ms. Muldoon's right to be free from

a sexually hostile work environment and intentional infliction of emotional distress.

However, Ms. Muldoon's prima facie case, does not amply support a reasonable jury's conclusion that Prudential failed to promote her in deliberate disregard of her right to be free from retaliation. Like Mr. Cardenas, she does not allege that there was a particular position that she sought and was denied because of any retaliatory animus, whether she was qualified for that position or any other promotions received by peers, the proffered reasons for those promotions or any reason to believe that the real reason she was not selected for a promotion was retaliation. Moreover, Ms. Muldoon's general and conclusory allegations of retaliation and increased responsibilities do not manifest the requisite deliberate disregard of her right to be free from retaliation. See Dotson, supra; Rose-Matson, supra.

Ms. Muldoon's prima facie evidence demonstrates that she is entitled to plead a claim for punitive damages arising out of her sexual harassment/hostile work environment claim under Minnesota law against Prudential, leaving to the jury the propriety for such an award under the facts of this case. Accordingly, her motion to amend the complaint to assert punitive damages arising out of her sexually hostile work environment and intentional infliction of emotional distress claims under Minnesota law will be granted and denied insofar as it pertains to her whistleblower and retaliation claims arising under Minnesota law.[1]

---

[1] As noted during the hearing on this matter, Ms. Muldoon's Motion seeks to amend a Second Amended Complaint, filed with the Court on May 4, 2001. In a March 13, 2002, letter to the Court, Prudential argued that the Second Amended Motion should be treated as a nullity because it was filed without obtaining leave of this Court or Prudential's consent and was never served on Prudential. Ms. Muldoon's counsel's, March 19, 2002, letter failed to address any of the aforementioned issues and essentially contends that Prudential's Counsel, Mr. Chin, had notice of the Second Amended Complaint when he deposed Ms. Muldoon.

Upon review of the case file, this Court discovered that the Second Amended Complaint was filed approximately one year after the relevant deadline in the Pretrial Schedule without

### 3. Mr. Struzyk's Motion

Mr. Struzyk's prima facie evidence demonstrates that he is not entitled to plead a claim for punitive damages arising out of his gender discrimination, intentional infliction of emotional distress, retaliation or whistleblower claims arising under Minnesota law.

Specifically, Mr. Struzyk fails to allege a single instance of deliberate or reckless disregard of his right to be free from gender discrimination. Furthermore, Mr. Struzyk's prima facie case, does not amply support a reasonable jury's conclusion that Prudential, via its managerial employees, failed to promote him in deliberate and reckless disregard of his right to be free from retaliation for reporting illegal sales practices. Like Mr. Cardenas and Ms. Muldoon, he does not allege that there was a particular position that he sought and was denied because of any retaliatory animus, whether he was qualified for that position or any reason to believe that the real reason he was not selected for a promotion was retaliation. Moreover, Mr. Struzyk's general and conclusory allegations of retaliation and increased responsibilities do not manifest the requisite deliberate disregard for his rights.

Accordingly, his motion to amend the complaint to assert punitive damages arising out of his state law claims, will be denied.

---

obtaining leave of the Court. Furthermore, the record is noticeably silent as to whether Ms. Muldoon obtained Prudential's consent to file her Second Amended Complaint. In light of the foregoing, the Second Amended Complaint will be treated as a nullity and Ms. Muldoon will be allowed to amend her First Amended Complaint to add claims for punitive damages in conformance with this Order. See Murray v. Archambo, 132 F.3d 609, 612 (10th Cir. 1998).

### III. ORDER

Based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff Cardenas' Motion to Amend the Complaint to Assert a Claim for Punitive Damages [#112] is **GRANTED** in part and **DENIED** in part as follows:

    a. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of his federal claims, it is **GRANTED**;

    b. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of his racially hostile work environment and intentional infliction of emotional distress claims under Minnesota law, it is **GRANTED**;

    c. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of his whistleblower and retaliation claims arising under Minnesota law, it is **DENIED**;

2. Plaintiff Muldoon's Motion to Amend the Complaint to Assert a Claim for Punitive Damages [#94] is **GRANTED** in part and **DENIED** in part as follows:

    a. Insofar as the motion seeks to amend the Complaint to assert a claim for punitive damages arising out of her federal claims, it is **GRANTED**;

    b. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of her sexually hostile work environment and intentional infliction of emotional distress claims under Minnesota law, it is **GRANTED**;

    c. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of her whistleblower and retaliation claims arising under Minnesota law, it is **DENIED**;

3. Plaintiff Struzyk's Motion to Amend the Complaint to Assert a Claim for Punitive damages [#64] is **GRANTED** in part and **DENIED** in part as follows:

   a. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of his federal claims, it is **GRANTED**;

   b. Insofar as the motion seeks to amend the Complaint to assert punitive damages arising out of his state law claims, it is **DENIED**.

DATED: _March 28_, 2002

_____
FRANKLIN L. NOEL
UNITED STATES MAGISTRATE JUDGE