# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

MARK CARDENAS,　　　　　　　　　　Civil No. 99-1421 (JRT/FLN)
PAMELA MULDOON,　　　　　　　　　Civil No. 99-1422 (JRT/FLN)
TERRY STRUZYK,　　　　　　　　　　Civil No. 99-1736 (JRT/FLN)

　　　　　　　　　　　　Plaintiffs,

　　　　　　　　　　　　　　　　**MEMORANDUM OPINION AND**
v.　　　　　　　　　　　　　　　　**ORDER ON APPEAL OF**
　　　　　　　　　　　　　　　　**MAGISTRATE JUDGE'S ORDER**
THE PRUDENTIAL INSURANCE　　　　**DATED SEPTEMBER 19, 2001**
CO. OF AMERICA,

　　　　　　　　　　　　Defendant.

John M. Degnan and Robin A. Williams, BASSFORD, LOCKHART, TRUESDELL, & BRIGGS, P.A., 3500 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402 and Theresa A. Freeman, NEFF LAW OFFICE, 7760 France Avenue South, Suite 720, Bloomington, MN 55435, for plaintiffs.

Neil H. Abramson, PROSKAUER ROSE LLP, 1585 Broadway, New York, NY 10036, and Thomas C. Kayser, ROBINS, KAPLAN, MILLER & CIRESI, 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, for defendant.

Plaintiffs have sued defendant Prudential Insurance Company of America ("Prudential") alleging a variety of employment discrimination claims. This matter is now before the Court on Prudential's objections to the order of United States Magistrate Judge Franklin L. Noel dated September 19, 2001. The Court has reviewed the Magistrate Judge's order and the parties' submissions, and concludes that the order was

not clearly erroneous or contrary to law.  Therefore, for the reasons discussed below, the Court will deny defendant's appeal and affirm the order.

## BACKGROUND

On August 29, 2001 plaintiffs moved to compel responses to several discovery requests.  On September 19, 2001, the Magistrate Judge granted the motion in part and denied it in part.  Prudential now objects to the Magistrate Judge's order compelling:

(1) production of personnel files of four Prudential human resource employees, several Prudential executives including the C.E.O., and several of Prudential's in-house attorneys;

(2) production of documents relating to lawsuits or other complaints of discrimination, retaliation, or whistle-blowing at any of Prudential's Minnesota locations from 1997 to the present; and

(3) answers to plaintiffs' Interrogatory No. 6, which sought the identity of Prudential employees who helped investigate allegations raised by plaintiffs as part of an investigation by Judge Wolin of the Federal District Court for the District of New Jersey into Prudential's Alternative Dispute Resolution ("ADR") process.

*See Cardenas v. Prudential Ins. Co.*, Civ. No. 99-1421, slip op. at 2 (D. Minn. Sept. 19, 2001) ("Order").[1]

---

[1] The Court refers to plaintiff Cardenas's case for convenience.  The Magistrate Judge's order also applies to the cases of plaintiffs Muldoon and Struzyk.

## ANALYSIS

An order of a Magistrate Judge on nondispositive pretrial matters may be reversed only if it is clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. LR 72.1(b)(2).   Prudential objects to the Magistrate Judge's conclusions, arguing that his order to compel is so broad that it is clearly erroneous and contrary to law.

## I.    Personnel Files

Prudential first contends that the Magistrate Judge should not have ordered the production of personnel files for the company's in-house counsel and top executives, including Prudential's chief executive officer.   Prudential cites privacy concerns of the employees whose files are produced, arguing that blanket discovery of personnel files is disfavored.

Prudential relies exclusively on two discovery decisions by a Magistrate Judge of this Court, *Raddatz v. The Standard Register Co.*, 177 F.R.D. 446 (D. Minn. 1997), and *Onwuka v. Federal Express Corp.*, 178 F.R.D. 508 (D. Minn. 1997).   The Court finds, however, that these cases do not support Prudential's argument.   Prudential correctly notes that the court in *Raddatz* stated that production of non-party employee files "is not a step which the Court should lightly undertake." *Raddatz*, 177 F.R.D. at 448.   However, neither *Raddatz* nor *Onwuka* supports Prudential's effort to prevent the discovery of these particular personnel files.    In fact, these cases support the Magistrate Judge's determination.  In *Raddatz*, the plaintiff sought files for more than 100 employees over a

period of ten years. *Id.* at 447. The court found this excessive, and granted the motion to compel after narrowing the information available and reducing the time frame to four years. *Id.* at 448. In *Onwuka*, the court also granted a motion to compel, after reducing the time frame from ten years to three years. *Onwuka*, 178 F.R.D. at 518.

In this case, plaintiffs seek only the files of 13 individuals, and have provided affidavits explaining their need for this information, and tying it to their discrimination claims. The court in *Onwuka* recognized that "in Title VII litigation, in which plaintiffs are required to demonstrate pretext, courts have customarily allowed a wide discovery of personnel files." *Id.* (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991) and citing cases). Other courts have also granted discovery of personnel files. *See, e.g., Lyoch v. Anheuser-Busch Co., Inc.*, 164 F.R.D. 62, 68-69 (E.D. Mo. 1995) (ordering production of file belonging to plaintiff's supervisor, subject to protective order); *Miles v. Boeing Co.*, 154 F.R.D. 112, 115 (E.D. Pa. 1994) (ordering production, subject to protective order, of non-party personnel file because it was relevant to the issue of pretext); *Willis v. Golden Rule Ins. Co.*, No. CIV-3-89-0189, 1991 WL 350038 at *3 (E.D. Tenn. Aug. 5, 1991) (ordering production, subject to protective order, of personnel files because they were relevant to building a statistical case in pattern-and-practice claim).

In this case, plaintiffs have alleged discrimination, requiring them to show pretext, and they have also alleged pattern-and-practice claims. The Court's analysis demonstrates that there is legal authority for the Magistrate Judge's order to compel discovery of these particular files. Discovery of the files clearly implicates privacy

concerns, but the Court finds that such concerns can be addressed through a protective order agreed to by the parties and imposed by the Magistrate Judge. Therefore, this Court cannot conclude that the Magistrate Judge's order was clearly erroneous or contrary to law. Accordingly, the Court will deny Prudential's appeal on this ground.

## II.     Prior Discrimination Complaints

Prudential next appeals the Magistrate Judge's order compelling production of "documents relating to lawsuits, administrative charges and/or informal complaints addressing employment discrimination, retaliation, whistle-blowing at any of Defendant's Minnesota locations from 1997 to the present." (Order ¶ 3.)  Prudential argues that the order is so broad that it is contrary to law. Specifically, Prudential contends that the order does not place sufficient limits on the protected class at issue, the nature of the adverse employment action, the facility in which the employee worked, or the alleged wrongdoer. Plaintiffs argue that these records should be produced because they are relevant to their claim for punitive damages and their pattern-and-practice discrimination claim.

Prudential is correct that discovery of this type of information should be limited to the practices and classes at issue in the particular case. *See Onwuka*, 178 F.R.D. at 517-18.  Plaintiffs have demonstrated, however, that the claims, practices, and protected classes at issue in this case are so wide-ranging that all of the requested information is reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).  Moreover, it is well established that "statistics may tell much" in discrimination cases of this nature. *National Org. for Women, Inc. (NOW), St. Paul*

*Chapter v. Minnesota Mining & Mfg. Co.*, 73 F.R.D. 467, 472 (D. Minn. 1977) (holding that company-wide information concerning the past history of employees may be relevant to sex discrimination claims and is therefore discoverable). *See Hollander v. American Cyanamid Co.*, 895 F.2d 80, 84 (2d Cir. 1990) ("It is well-settled that an individual disparate treatment plaintiff may use statistical evidence regarding an employer's general practices at the pretext stage to help rebut the employer's purported nondiscriminatory purpose."); *Willis*, 1991 WL 350036 at **3-4 (holding that information about third-party discrimination claims "is discoverable, particularly in a pattern and practice discrimination claim."); *Welker v. SmithKline Beckman*, Civ. A. No. 89-866, 1989 WL 121894 at *1 (E.D. Pa. Oct. 12, 1989) (holding that "statistical analysis might well be the only means by which plaintiff could prove an alleged pattern or practice" of discrimination beyond her immediate supervisor). Furthermore, plaintiffs have limited the time frame of such claims to those dating only to 1997, and have geographically limited their request to the State of Minnesota, even though Prudential has offices nation-wide.

To show discrimination, plaintiffs must show that Prudential's explanations for its alleged behavior are pretext. Plaintiffs will also have to show that there is a pattern and a practice of discrimination. As the Court has shown, there is ample case law holding that information about other discrimination claims is discoverable in such cases. Therefore, this Court cannot conclude that the Magistrate Judge was clearly erroneous or contrary to law in ordering discovery of such information here. The Court will deny Prudential's appeal on this ground.

### III.   Prudential Employees Assisting Judge Wolin's Investigation

Finally, Prudential appeals the Magistrate Judge's order granting plaintiff's request for the identity of Prudential employees who assisted in the investigation of Prudential's ADR process by United States District Judge Alfred Wolin of the District of New Jersey. Prudential argues that the Magistrate Judge's order was improper because it "invades the exclusive jurisdiction of the New Jersey Court over its own investigation, or at a minimum, interferes with that Court's judicial processes." (Def. Mem. at 9.) Prudential also argues that the order is unreasonably broad because its strict terms call for identification of every person who participated in the investigation, not just Prudential employees.

The Court finds Prudential's contentions to be without merit. First, it is clear that ordering Prudential to identify individuals who assisted in Judge Wolin's investigation in no way interferes with the processes of the New Jersey court. In fact, as plaintiffs note, Judge Wolin has explicitly stated that he has no jurisdiction over plaintiffs' claims in this case. *See In re The Prudential Ins. Co. of Amer. Sales Practices Lit.*, MDL No. 1061, Civ. No. 95-4704, slip op. at 4, 12 (D.N.J. Dec. 13, 2000) (stressing that plaintiffs' discrimination and retaliation claims in Minnesota federal court exceed the New Jersey federal court's jurisdiction, and that the New Jersey court "never asserted jurisdiction" over them); *In re The Prudential Ins. Co. of Amer. Sales Practices Lit.*, No. 95-4707, slip op. at 2 (D.N.J. Nov. 17, 1999) (stating that the plaintiffs' employment discrimination claims are not before the District of New Jersey "or in any manner" the subject of its investigation). Therefore, even if – as Prudential claims – Judge Wolin's report resolved

the questions in his investigation "in a final and preclusive manner," such resolution has no bearing upon the discovery questions presented here.

Second, Prudential makes too much of wording in the Magistrate Judge's order stating that Prudential must "identify each and every person who assisted" in the investigation. (*See* Order ¶ 5.) Plaintiffs note that the order grants their motion, which asks defendant only to identify "Prudential employees who assisted in investigating allegations raised as part of the Judge Wolin investigation and report." (Pl. Motion ¶ 4.) There is no reason to conclude that the Magistrate Judge intended to order discovery any broader than that which plaintiffs requested. Therefore, because Prudential has not shown that the Magistrate Judge's order in this regard was clearly erroneous or contrary to law, the Court will deny its appeal on this ground.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, IT **IS HEREBY ORDERED** that defendant's appeal [Civil Case No. 99-1421, Docket No. 69; Civil Case No. 99-1422, Docket No. 61; Civil Case No. 99-1736, Docket No. 44] is **DENIED**. The Magistrate Judge's Order dated September 19, 2001 [Civil Case No. 99-1421, Docket No. 67; Civil Case No. 99-1422, Docket No. 60; Civil Case No. 99-1736, Docket No. 43] is **AFFIRMED**.

DATED:  January 29, 2003
at Minneapolis, Minnesota.

                                     _John R. Tunheim_
                                     JOHN R. TUNHEIM
                                United States District Judge