UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark Cardenas                                    99-1421 JRT/FLN
Pamela Muldoon                                   99-1422 JRT/FLN
Terry Struzyk                                    99-1736 JRT/FLN

            Plaintiffs,

                        v.                       **ORDER**

Prudential Ins. Co.,

            Defendant.

_____

Theresa Freeman, for Plaintiffs.
Lloyd Chin, Aaron Schindel, & Charles Lentz for Defendant.

_____

**THIS MATTER** came before the undersigned Magistrate Judge on September 2, 2003 on

the Motion by Plaintiffs Cardenas, Muldoon and Struzyk to Compel Production of Documents and

Things from Defendant, for Order Finding Defendant in Contempt for Failure to Comply with

Certain Orders, for Attorney Fees, and for Costs [## 219, 192, and 137].

On September 22, 2003, this Court ordered the Defendant to provide the Court with certain

documents for an in camera review. [##240, 213, 157]. In the September 22 Order we already ruled

that the redacted compensation information did not need to be produced. Thus, the issue for the in

camera review is whether the remaining documents are protected by attorney-client privilege and/or

work product[1]. The Court has numbered the documents on the Defendant's privilege log and

_____

[1] The Defendant has also asserted a Collective Bargaining Strategy Privilege. This Court
does not recognize any such privilege and will only consider attorney-client privilege and the
work-product doctrine in the in camera review. Harvey's Wagon Wheel v. N.L.R.B., 550 F.2d
1139 (1976) is inapposite. That case, and other cases following Title Guarantee Co. v. N.L.R.B.,
534 F.2d 484 (2d Cir. 1976), only apply to employee statements obtained by the National Labor
Relations Board in an investigation of possible unfair labor practices.

NOV 0 3 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

determined that documents 10, 16-24, 29, 71-72, 82-87, 89-91, 96-99, 102-107, 112-113, 115-116 are at issue.[2]

The Defendant contends that the documents at issue are protected by attorney-client privilege and/or the work-product doctrine. The federal common law of attorney-client privilege protects confidential disclosures made between a client and an attorney for the purpose of obtaining legal advice. See United States v. Sindel, 53 F.3d 874, 876 (8th Cir. 1995) (citing Fisher v. United States, 425 U.S. 391, 403 (1976)). The privilege applies even when the client is a corporation. See Upjohn Co. v. United States, 449 U.S. 383, 390 (1981) (citing United States v. Louisville & Nashville R. Co., 236 U.S. 318, 336 (1915)). The attorney-client privilege does not protect, however, ordinary business advice. See Sedco Int'l v. Cory, 683 F.2d 1201, 1205 (8th Cir. 1982).

A party seeking work product protection must show that materials were prepared in anticipation of litigation. See PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP, 305 F.3d 813, 817 (8th Cir. 2002). The test for when a document was prepared in anticipation of litigation is whether "in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." Simon v. G.D. Searle & Co., 816 F.2d 397, 401 (8th Cir. 1987). There are two types of work product, ordinary work product and opinion work product. Ordinary work product includes raw factual information. See Baker v. General Motors Corp., 209 F.3d 1051, 1054 (8th Cir. 2000). Ordinary work product is protected from discovery unless the party seeking discovery has a substantial need for the materials

---

[2] The September 22, 2003 Order incorrectly stated that 111 documents were at issue. In fact, only 35 documents on the privilege log concern the issues of attorney-client privilege or work-product.

2

and the party cannot obtain the substantial equivalent of the materials by other means. <u>See</u> Fed. R.
Civ. P. 26(b)(3). In contrast, opinion work product includes the counsel's mental impressions,
conclusions, opinions, and legal theories. <u>See</u> <u>Baker</u>, 209 F.3d at 1054. Opinion work product
receives almost absolute immunity and can only be discovered in rare circumstances. <u>See</u> <u>id.</u>; Fed.
R. Civ. P. 26(b)(3). As with the attorney-client privilege, the involvement of an attorney in a matter
that is an ordinary business activity does not protect the material from disclosure on the basis of
work-product. <u>See</u> <u>Lumber v. PPG Industries, Inc.</u>, 168 F.R.D. 641, 646 (D. Minn. 1996).

After carefully reviewing the documents at issue, this Court finds that the Defendant's
privilege objections should be sustained in part and overruled in part. While some of the documents
are protected by attorney-client privilege because the client was seeking legal advice, the majority
of the documents and communications were not seeking legal advice but were for business purposes.

Documents 10, 16-17 and 29 are protected from discovery by attorney-client privilege. These
documents are attorney-client communications seeking legal advice regarding employee
investigations and separations from the company. The communications fit within the traditional
notions of the federal common-law of attorney-client privilege and the Defendant does not need to
produce these documents.

The remaining documents on the privilege log are not protected from discovery by either
work-product or the attorney-client privilege. These documents consist of: reports between in-house
lawyers concerning "significant accomplishments" completed by the attorneys and the legal
department for specific years; reports from in-house lawyers to executives in the company
summarizing the goals and accomplishments of the legal department and specific employees;
"Annual Performance Appraisals" and personnel performance reviews for in-house counsel

members; promotion recommendations for in-house counsel employees; and development plans summarizing job objectives and goals for various in-house counsel employees. The communications within these documents include: reports on how the litigation department deals with employment litigation; information concerning the amounts that cases settled for and the status of certain litigation; the goals and accomplishments of specific in-house counsel employees; and duties or achievements completed by specific lawyers. These documents are not privileged because the communications were not made for the purpose of obtaining or imparting legal advice. Rather, the information was provided to the lawyers for business purposes. Business advice is not included in the attorney-client privilege. See Sedco, 683 F.2d at 1250. Imparting strategies for keeping litigation costs down (such as changes to the policies regarding the use of outside counsel) is clearly a business purpose.

Personnel decisions and communications are generally not protected from disclosure when they are kept in the regular course of business. Meetings regarding personnel reviews and decisions are generally ordinary business activities and therefore not protected by attorney-client privilege. See Neuder v. Battelle Pacific Northwest Nat'l Lab., 194 F.R.D. 289 (D. D.C. 2000). Similarly, discussions by an attorney with managers regarding an employee's accomplishments and performance goals were in the lawyer's ordinary business role, not his capacity as an attorney. See Borase v. M/A Com, Inc., 171 F.R.D. 10, 15 (D. Mass. 1997). Employee personnel records kept in the normal course of business are not protected by attorney-client privilege. See Smith v. Texaco, Inc., 186 F.R.D. 354, (E.D. Tx 1999). The majority of the documents at issue are personnel records regarding the performance of specific in-house counsel. These documents were kept in the regular course of business, on an annual or semi-annual basis. It does not appear that any of the documents

4

was prepared to seek legal advice regarding a divisive personnel problem.  Rather, these were annual reviews and semi-annual performance updates (where the lower-level employee is reporting his or her accomplishments to a superior) for employees who were meeting and/or exceeding the expectations of their peers and superiors.  Because these documents did not involve any legal advice, the documents are not protected by attorney-client privilege.

The documents also contain updates on the status of completed litigation and the amounts of certain settlements.  Again, this information was not provided for the purpose of seeking or imparting legal advice.  Instead, as part of the performance reviews and performance updates, this information was provided for the purpose of aprising executives and the in-house legal department on what duties specific employees were completing and how well they were meeting their goals.  The numbers and amounts of settlements were provided to show that the in-house attorneys were doing a good job at terminating litigation favorably for the client.  This is not protected legal advice but a regular business issues.

Nor are these documents protected by the work-product doctrine, for the same reasons.  There is nothing in the materials to suggest that these documents were prepared in anticipation of litigation.  Rather, as explained above, these personnel reviews and performance updates were kept in the normal course of business.  Simply reporting on the status of a case does not grant the document work-product protection.  Because these documents were not prepared in anticipation of litigation they are not protected from discovery.

The Court has carefully examined the substance of all of the documents to verify that no protected  legal advice or work-product material was reported in the documents.  There is one sentence within a document that we have determined is protected by work-product because it reports

5

an attorney's mental impressions and theories about a case that was still pending. We conclude that in document 19 on page 3, the second sentence under the heading <u>Dupree v. Prudential</u> is protected opinion work-product and may be redacted from the document.

While the non-privileged documents may not be protected from discovery, they nevertheless contain highly private and confidential information regarding strategies for litigation, the outcomes of specific cases and un-filed controversies, and confidential personnel information. In our September 22, 2003 Order we granted the Defendant's Motion for a Protective Order regarding these personnel files. While the Defendants must produce the documents in these personnel files, we emphasize that the Plaintiffs may only obtain and use this information subject to the protective order governing the case.

Based upon the files, records, and proceedings herein, it is hereby **ORDERED** that the Defendant's privilege objections are sustained in part and overruled in part as follows:

1.    Documents 10, 16-17 and 29 are covered by the attorney-client privilege and the Defendant's privilege objection to these documents are sustained;

2.    The remaining documents, 18-24, 71-72, 82-87, 89-91, 96-99, 102-107, 112-113, 115-116, are not protected by either the attorney-client privilege or work-product doctrine, except as specified below, and as to these documents the Defendant's privilege objections are overruled;

3.    In document 19 on page 3, the second sentence under the heading <u>Dupree v. Prudential</u> is protected opinion work-product and may be redacted from the document; and

4.    Nothing in this Order shall be construed to overrule the Court's previous Order allowing the Defendant to redact compensation information from the personnel files. To the extent any of the above documents contains compensation information, those details may still be redacted.

6

DATED: _____, 2003.


_____
FRANKLIN L. NOEL
United States Magistrate Judge